JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Jermaine Johnson, appeals his sentence and the sexual predator classification handed down by the Cuyahoga County Court of Common Pleas, Criminal Division. For the reasons that follow, we reverse and remand for resentencing and for a new sexual offender classification hearing.
 {¶ 2} On May 22, 2003, appellant pleaded guilty to one count of attempted abduction, a felony of the fourth degree, and two counts of attempted gross sexual imposition, felonies of the fourth degree, as amended. The circumstances surrounding the gross sexual imposition charges involved two girls under the age of thirteen. On the same date, appellant also pleaded guilty to one count of drug possession in a related case. The court addressed the appellant with respect to his pleas in both cases and reset the matter for sentencing on June 26, 2003.
 {¶ 3} Appellant appeared again, with counsel, on June 26, 2003. The trial court not only held a sentencing hearing on that date, but a sexual offender classification hearing as well. Appellant was sentenced to 17 months of incarceration on the count of attempted abduction and on one count of attempted gross sexual imposition, to be served concurrently to each other but consecutive to an additional 17 months imposed for the other count of attempted gross sexual imposition.
 {¶ 4} Appellant timely appeals and presents four assignments of error for our review; however, because Assignments I and IV are dispositive of this matter, we will address them first.
 {¶ 5} "I. The trial court's sexual predator finding violated the ohio and united states constitutions and R.C. 2950.09 because mr. johnson was not provided with appropriate notice prior to the sexual predator hearing."
 {¶ 6} R.C. 2950.09(B)(1) states:
 {¶ 7} "The judge who is to impose sentence upon the offender shall conduct a hearing to determine whether the offender is a sexual predator. The judge shall conduct the hearing prior to sentencing and, if the sexually oriented offense is a felony, may conduct it as part of the sentencing hearing required by section2929.19 of the Revised Code. The court shall give the offender and the prosecutor who prosecuted the offender for the sexually oriented offense notice of the date, time and location of the hearing."
 {¶ 8} In the instant case, the hearing as to whether the appellant was a sexual predator was held as part of his sentencing, as is permissible under the applicable statute. It appears from the record presented that counsel for all parties were aware that the court would conduct the classification hearing as part of the sentencing; trial counsel for the appellant did not object to going forward with the hearing and utilized the documents prepared for that hearing in his defense of the appellant. However, the notice requirements of R.C.2950.09(B)(1) are mandatory, and notice of the sentencing hearing is not sufficient notice of the sexual offender classification hearing. State v. Gowdy (1999) 88 Ohio St.3d 387, 399; Statev. Moore, Cuyahoga App. NO. 79951, 2002-Ohio-1268 at 7, 8.
 {¶ 9} At the plea hearing, the trial court did address the possibility that the appellant may "at a later date" be subject to a classification hearing during his sentencing hearing; however, the court did not clearly state that the classification hearing would take place on the day of sentencing. Regardless of the fact that the appellant and counsel appeared at and participated in the sexual offender classification hearing, we are obliged to reverse appellant's classification as a sexual predator and remand for a new sexual offender classification hearing.
 {¶ 10} "IV. The trial court erred by ordering consecutive sentences against mr. johnson when it failed to make any of the necessary findings or reasons for the findings required by R.C.2929.14(E)(4)."
 {¶ 11} Abuse of discretion is not the standard of review with respect to sentencing; instead, an appellate court must find error by clear and convincing evidence. R.C. 2953.08(G)(2) provides that an appellate court may not increase, reduce, or otherwise modify a sentence imposed under Senate Bill 2 unless it finds by clear and convincing evidence that the sentence is not supported by the record or is contrary to law. Clear and convincing evidence is more than a mere preponderance of the evidence; it is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v. Garcia (1998),126 Ohio App.3d 485, citing Cincinnati Bar Assoc. v. Massengale (1991),58 Ohio St.3d 121, 122. When reviewing the propriety of the sentence imposed, an appellate court shall examine the record, including the oral or written statements at the sentencing hearing and the presentence investigation report. R.C.2953.08(F)(1)-(4).
 {¶ 12} The imposition of consecutive sentences is governed by R.C. 2929.14(E), which provides:
 {¶ 13} "(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 {¶ 14} "(a) The offender committed the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17 or 2929.18
of the Revised Code, or was under post-release control for a prior offense.
 {¶ 15} "(b) The harm caused by the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 16} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 17} R.C. 2929.19(B) requires the trial court to explain its reasons for imposing consecutive sentences and provides in pertinent part:
 {¶ 18} "(2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
 {¶ 19} "* * *
 {¶ 20} "(c) If it imposes consecutive sentences under section2929.14 of the Revised Code, its reasons for imposing the consecutive sentences; * * *."
 {¶ 21} When a judge imposes consecutive terms of incarceration, but fails to comply with R.C. 2929.14(E)(4), there is reversible error. State v. Beck (Mar. 30, 2000), Cuyahoga App. No. 75193, citing State v. Albert (1997),124 Ohio App.3d 225. Thus, the court must make the three findings, as outlined above, and state on the record its reasons for doing so before a defendant can be properly sentenced to consecutive terms.
 {¶ 22} The appellant argues that the court failed to note specific factual reasons which would support those findings. We agree. Not only did the trial court fail to incorporate into the record the specific reasons for those findings relative to the appellant's conduct in this case; there seems to be little reference on the part of the trial judge to the required statutory findings during the sentencing hearing. Therefore, appellant's second assignment of error has merit.
 {¶ 23} We decline to address the appellant's remaining assignments of error, pursuant to App.R. 12(A)(1)(c).
 {¶ 24} Judgment reversed and remanded for resentencing and for a new sexual offender classification hearing.
 Kilbane, P.J., and Dyke, J., concur.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.